FILED
CLERK
4/26/2016 5:07 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ANTONIO CHRISTIAN, #13007084,

                Plaintiff,

      -against-

SHERIFF MICHAEL SPOSATO, NASSAU COUNTY
JAIL OFFICERS, and NASSAU COUNTY JAIL
MEDICAL STAFF,

                Defendants.
------------------------------------------------------------------------X

**ORDER**
15-CV-06874 (SJF) (AKT)

FEUERSTEIN, District Judge:

On November 30, 2015, incarcerated *pro se* plaintiff Antonio Christian ("plaintiff") filed a civil rights complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the defendants, the Nassau County Sheriff Michael Sposato ("Sheriff Sposato"), unidentified Nassau County Jail Officers ("Jail Officers"), and unidentified Nassau County Jail Medical Staff ("Medical Staff" and collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of his application to proceed *in forma pauperis*, qualifies him to file the complaint without prepayment of the filing fees, *see* 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I. BACKGROUND**

Plaintiff alleges that, on or about November 6, 2015 at approximately 9:30 p.m., he was assaulted by an unknown inmate while plaintiff was seated in the E1B dorm dayroom. (Compl. ¶ IV.) According to the complaint, plaintiff was approached from behind and was slashed on the left side of his neck and face with a razor. (*Id.*) Immediately following the slashing, plaintiff

alleges that he was "sucker punched" and was therefore unable to identify his attacker. (*Id.*) Plaintiff also alleges that although no "officer were pre[sent] in the dorm to prevent the attack from happening" (*id.*), "once the officers noticed I was taken to the infirmary for stitches." (*Id.* ¶ IV.A.). Plaintiff complains that he was "never called back [to the infirmary] after for treatment of a change of bandages" until November 11, 2015 when the stitches were removed. (*Id.*) Plaintiff seeks to recover $2 million ($2,000,000.00). (Compl. ¶ V).

## II. DISCUSSION

### A. Standard of Review

Under both the Prison Litigation Reform Act, 28 U.S.C. § 1915A, and the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B)(i-iii). *See Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (finding both Section 1915 and Section 1915A to be applicable to a prisoner proceeding *in forma pauperis*).

It is axiomatic that district courts are required to read *pro se* complaints liberally, *see Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009)), *aff'd*, --- U.S. ----, 133 S. Ct. 1659, 185 L. Ed. 2d 671 (2013); *see also Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (in considering dismissal pursuant to § 1915A, the court

must "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor").

Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). While the plausibility standard "does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955).

**B.     Section 1983**

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. "To avoid *sua sponte* dismissal of a § 1983 claim, a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer,* 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation and citation omitted); *see also Rehberg v. Paulk*, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of

the defendant in the alleged constitutional deprivation. *Farid v. Elle*, 593 F.3d 233, 249 (2d Cir. 2010). Indeed, "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S. Ct. 1937. Additionally, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. *Rivera v. Fischer*, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009); *see also Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003) (noting that "supervisor liability in a § 1983 action depends on a showing of some personal responsibility and cannot rest on *respondeat superior*."). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. *See Johnson v. Barney*, 360 F. App'x 199 (2d Cir. Jan. 12, 2010).

    1. <u>Section 1983 Claim for Failure to Protect</u>

Prison officials have a duty, imposed under either the Eighth Amendment with respect to convicted prisoners or the Due Process Clause of the Fourteenth Amendment with respect to pretrial detainees in state custody,[1] to "ensure that inmates receive adequate food, clothing, shelter, and medical care, and [to] take reasonable measures to guarantee the safety of the inmates[.]" *Farmer v. Brennan,* 511 U.S. 825, 832-33, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quotations and citations omitted). Specifically, "prison officials have a duty [] to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (quotations and citation omitted).

---

[1] Plaintiff does not allege whether he is a pretrial detainee or a convicted inmate. Regardless, the court applies the same "deliberate indifference" standard whether the claim is brought under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment. *See Caiozzo v. Koreman*, 581 F.3d 63, 70-71 (2d Cir. 2009).

4

"It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834. Rather, a plaintiff can only establish a constitutional deprivation by showing (1) that the alleged deprivation was "objectively, sufficiently serious," *id.* (quotations and citation omitted); and (2) that the prison official acted, or failed to act, with "a sufficiently culpable state of mind." *Id.* (quotations and citation omitted). The objective element of a failure to protect claim requires the inmate to show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* "In determining whether a substantial risk of harm existed, the Court should not assess a prison official's actions based on hindsight but rather should look at the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. Cnty. of Suffolk,* 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (quotations and citations omitted). The subjective element of deliberate indifference is akin to "subjective recklessness as used in the criminal law," *Farmer,* 511 U.S. at 839-40, and requires a showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw [n] the inference." *Id.* at 837. "[D]eliberate indifference entails something more than mere negligence, * * * [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. With these standards in mind, the Court considers plaintiff's claims.

Although plaintiff names Sheriff Sposato, the Jail Officers and Medical Staff in the caption of his complaint, he does not mention them anywhere else in the complaint and does not attribute any of the conduct or inaction of which he complains to them. As set forth above, a plausible Section 1983 claim must allege the personal involvement of any individual defendant in the

5

alleged constitutional violation. *See Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013); *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013). "Personal involvement" may be established by evidence of direct participation in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003); *see also Grullon*, 720 F.3d at 139. "An individual cannot be held liable for damages under § 1983 'merely because he held a high position of authority.'" *Back v. Hastings on Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. *See Costello v. City of Burlington*, 632 F.3d 41, 48-49 (2d Cir. 2011).

Plaintiff has not pled the personal involvement of any of the defendants. Wholly absent from the complaint are any allegations from which the Court could reasonably construe that plaintiff was "incarcerated under conditions posing a substantial risk of serious harm" *Farmer,* 511 U.S. at 834, or that the defendants "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. Because plaintiff does not allege that defendants knew of any threats or complaints of attacks upon him occurring prior to the incident described in the complaint, it cannot reasonably be inferred that the defendants knew that plaintiff faced a substantial risk of serious harm from other inmates at the Nassau County Correctional Center. Accordingly, plaintiff's claim of failure to protect fails.

## 2. Section 1983 Claim for Inadequate Medical Treatment

Plaintiff concedes that he was taken to the infirmary as soon as the officers noticed his injury, but complains that he was "never called back after for treatment or a change of bandages" and only returned to the infirmary once to have the stitches removed five days after the slashing incident. *See* Compl. ¶ IV.A. He seeks relief for the "failure for the medical personnel for inadequate and neglectful care." Compl. ¶ V. To the extent plaintiff is seeking to assert a claim for failure to provide adequate medical care, that claim also fails.

The objective component of a deliberate indifference claim requires that the alleged deprivation "be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain, exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). In order to determine whether an alleged deprivation of medical care was objectively serious, the court must inquire (1) whether the inmate was "actually deprived of adequate medical care," and (2) "whether the inadequacy in medical care [was] sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Generally, allegations of negligence do not state a claim of deliberate indifference as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L. Ed. 2d 251 (1976). To rise to the level of a constitutional violation, the malpractice must involve "culpable recklessness– an act or a failure to act by a prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hill*, 657 F.3d at 123 (quotations and citation omitted); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (noting that deliberate indifference requires that the medical malpractice involve "culpable recklessness, i.e., an act or a failure to act . . . that evinces a

conscious disregard of a substantial risk of serious harm." (internal quotations and citations omitted)).

The complaint fails to satisfy either the objective or subjective components. The purported injury, a failure to call him back to the infirmary to change his bandages for a five (5) day period, is not, on its face, a serious medical condition. As to the subjective component, plaintiff fails to make any specific allegations regarding the conduct of a particular individual defendant, and thus does not allege culpable recklessness by any defendant.

**III. CONCLUSION**

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted but the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l) for failure to state a plausible claim for relief unless plaintiff files an amended complaint in accordance with this Order on or before **May 27, 2016**. Plaintiff's failure to timely amend his complaint will lead to the dismissal of his claims against the defendants with prejudice, and judgment shall enter without further notice.

The amended complaint must clearly identify the individual or individuals personally responsible for any alleged violation of his constitutional rights. If plaintiff seeks to impose liability upon an individual but does not know his or her name at this time, plaintiff may name such individual in the caption of an amended complaint as "John Doe Correctional Officer #1" or "Jane Doe Medical Officer #2," for example. However, plaintiff must include sufficient factual allegations including conduct or inaction by any such person or persons in support of his claims.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of

any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

                                                          s/
                                         Sandra J. Feuerstein
                                         United States District Judge

Dated: April 26, 2016
       Central Islip, New York