FILED
CLERK
7/1/2016 11:02 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTONIO CHRISTIAN,

                Plaintiff,

    -against-

SHERIFF MICHAEL SPOSATO, NASSAU COUNTY
JAIL OFFICERS, and NASSAU COUNTY JAIL
MEDICAL STAFF

                Defendants.
------------------------------------------------------------------X

**ORDER**
15-CV-6874 (SJF) (AKT)

FEUERSTEIN, District Judge:

    On November 30, 2015, incarcerated *pro se* plaintiff Antonio Christian ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 against Sheriff Michael Sposato, Nassau County Jail Officers, and Nassau County Jail Medical Staff ("defendants"), along with an application to proceed *in forma pauperis*. By Order dated April 26, 2016, plaintiff's application to proceed *in forma pauperis* was granted, but the complaint was *sua* sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim for relief. *See* Order of 4/26/16, Docket Entry [6]. The Order further provided plaintiff with the opportunity to file an amended complaint on or before May 27, 2016, and explicitly warned that "failure to timely amend his complaint will lead to the dismissal of his claims against the defendants with prejudice, and judgment shall enter without further notice." *Id.* The Clerk of the Court served notice of entry of the April 26, 2016 Order upon plaintiff by mailing a copy thereof to him at his address of record, *i.e.,* Nassau County Correctional Center, 100 Carman Avenue, East Meadow, New York 11554. On May 2, 2016, the Clerk's mailing was returned to the Court with the following notation on the envelope: "Return to Sender. Discharged." DE [7].

    Plaintiff has not filed an amended complaint in the time set forth in the April 26, 2016 Order. In addition, the docket reflects that, in the sixty (60) days since the Court's Order was

returned as undeliverable, plaintiff has not filed a notice of change of address or otherwise apprised the Court of his current whereabouts. Accordingly, the Court considers whether dismissal is also appropriate under Rule 41(b) of the Federal Rules of Civil Procedure.

It is within the court's authority to *sua sponte* dismiss an action for failure to prosecute. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962). Having considered the factors regarding dismissal of an action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, *see, e.g., Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 63 (2d Cir. 2000), the Court concludes that dismissal on this basis is appropriate. As to whether it is necessary for plaintiff to have had express notice that his claims might be dismissed for failure to prosecute, "this is not an absolute requirement." *Caussade v. United States,* 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (citing *Wabash,* 370 U.S. at 633); *see also Hibbert v. Apfel*, No. 99CIV.4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) ("Regardless of whether plaintiff actually received notice that further delays would result in dismissal, it remained [his] duty to process [his] case diligently." (internal quotation and citation omitted)). Although plaintiff did not receive explicit warnings in the form of a court order, the initial materials sent to him by the Court's *Pro Se* office advised, *inter alia,* that "it is your duty to prosecute your case, and to keep this office informed of a current mailing address. **Failure to do so may result in your case being dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)."** *See* DE [5] (emphasis added); *see also Alomar v. Recard,* No. 07-CV-5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010) (dismissing complaint pursuant to Rule 41(b), noting that "[t]he duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs" (internal quotation and citation omitted)). In addition, given plaintiff's failure to update his contact information, the issuance of further orders directing him to update that

2

information and warning him of the consequences of failing to do so would be futile. *See Blake v. Payane,* No. 08 Civ. 0930, 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011)

It is plaintiff's own action, or inaction, that has led to the inability of the Court to communicate orders to him. An action may not proceed where the Court and defense counsel are unable to contact plaintiff to, *inter alia,* arrange conferences, obtain discovery, serve motions and orders, and schedule trial. *See, e.g., United States ex rel. Roundtree v. Health & Hosps. Police Dep't,* No. 06 Civ 212, 2007 WL 1428428, at *1, 2 (S.D.N.Y. May 14 2007) (holding that "defendants are at a severe disadvantage in not knowing the address of the pro se litigant who has brought suit against them"); *Coleman v. Doe,* No. 05-cv-5849, 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006) ("To require defendants to move forward would be impossible without plaintiff's participation"). "When a pro se litigant fails to provide the Court with notice of a change of address, the Court may dismiss the litigant's claims." *Bernard v. Romen,* No. 11 cv 6346, 2012 WL 6594622, at *2 (E.D.N.Y. Oct. 15, 2012), *adopted by* 2012 WL 6594525 (E.D.N.Y. Dec. 18, 2012). Dismissal is appropriate after plaintiff has become completely inaccessible, as inaccessibility "strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Dong v. United States,* 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (citing *Hibbert,* 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000)) (dismissing when plaintiff inaccessible for two months).

Accordingly, plaintiff's complaint is dismissed without prejudice for the reasons set forth in the April 26, 2016 Order and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall enter judgment in favor of defendants, close this case, and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff as provided by Rule 5(b) of the Federal Rules of Civil Procedure and record such service upon the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L.Ed.2d 21 (1962).

**SO ORDERED**.

／s／
Sandra J. Feuerstein
United States District Judge

Dated: July 1, 2016
Central Islip, New York